**OVERMAN, a minor, Plaintiff-Appellant, v. YAKE, Defendant-Appellee.**

Ohio Appeals, Second District, Clark County.

No. 493. Decided November 24, 1952.

Frank L. Nevius, Springfield, for plaintiff-appellant.
Corry, Durfey, Martin & Browne, Anson E. Hull, of Counsel, Springfield, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court sustaining the appellee's motion to dismiss the petition for the reason that the plaintiff failed to comply with the statutes relative to the revivor of actions.

The record reveals that the action was one for damages for injuries sustained by the plaintiff as the result of being struck by an automobile driven by the defendant. The petition was filed on May 3, 1944, by Emil R. Overman as next friend of the plaintiff, Ray Overman, a minor. After several amendments had been made to the petition the defendant filed his answer on April 19, 1946. The case lay dormant until June 21, 1951, when defendant filed his motion to dismiss for failure to revive.

The facts pertinent to the question presented disclose that Hiram Yake, the defendant herein, died on May 1, 1949; that on May 6, 1949, his will was admitted to probate, Emerson Yake being appointed executor of his estate; that the administration was completed and final account filed on November 14, 1949, and the same being approved the executor was on said date discharged.

It further appears that no notice was served upon the plaintiff notifying him of the Probate Court proceedings and that he had no knowledge of the same. Several months after the defendant had filed his motion to dismiss, the plaintiff filed

a motion to revive the action against the defendant's personal representatives. He also filed on the same date a supplemental petition for revivor of the action against the personal representatives. The Court sustained the motion to dismiss the petition without passing on the plaintiff's motion and petition to revive, all of which the appellant urges was erroneous.

The first question to be considered will be the legality of the order sustaining the motion to dismiss the petition which, if properly made, would eliminate the questions of revivor, as there would be no action pending to revive. Under §11397 GC this action did not abate upon the death of the defendant. Sec. 11261 GC provides that,

"* * * Upon the disability of a party, the court may allow the action to continue by or against his representative, or successor in interest; provided that no order shall be made for the continuation of an action for the recovery of money, pending at the death of the defendant, except upon motion, of which written notice shall be given to the executor or administrator within the time provided for the presentation of claims by creditors in §10509-112 GC. * * *"

It will be noted that this section permits the action to continue against the defendant's representative or successor in interest. Sec. 11408 GC is also applicable to the case at bar making it mandatory that the action proceed against the personal representative and that the application to revive shall be made within the time provided for the presentation of claims by creditors as set forth in §10509-112 GC. Sec. 11408 GC reads as follows:

"Upon the death of a defendant in an action wherein the right, or any part of it, survives against his personal representative, the revivor shall be against him. An action for the recovery of money pending at the death of the defendant shall not be revived against the executor or administrator as provided in any of the sections in this subdivision of this chapter, unless written notice of the application or proceedings for such revivor shall be given to the executor or administrator within the time provided for the presentation of claims by creditors in §10509-112 GC. The revivor may also be against the heirs or devisees of the defendant or both, when the right of action, or any part of it, survives against them."

It will be observed that this section provides for a definite procedure when an action for the recovery of money is pending at the date of the death of the decedent, which is clearly our case. The requirements of this statute were not met by this appellant as he failed to make application within the maximum time allowed by §10509-112 GC to revive the action.

The appellant next contends that the plaintiff being a minor was under a legal disability and was entitled to revive his action within one year after the disability was removed. Citing §10509-218 GC. The answer to this proposition, it seems, is found in §10509-134 GC which extends the time for filing claims to nine months in certain cases. This statute provides:

"A claimant who has failed to present his claim to the executor or administrator within the time prescribed by law may file a petition in the probate court for authority to present his claim after the expiration of such time. * * * If upon hearing the court finds * * * (a) * * * (b) * * * (c) that the claimant was subject to any legal disability during such period or any part thereof, then the court may authorize such claimant to present his claim to the executor or administrator after the expiration of such period; provided, however, that a claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, including devisees, legatees and distributees, and no payment shall be made nor any action maintained thereon, except as otherwise provided in this chapter with reference to contingent claims."

This section, we think, is clear, definite and certain and subject to only one interpretation, to wit, that under the conditions enumerated in (a), (b) and (c), supra, the statutory period of time for the filing of a claim under §10509-112 GC may be extended to nine months and no longer. Any claim not presented within that time is forever barred and may not be revived under any of the otherwise pertinent revivor statutes.

The appellant also urges that his claim for damages is a contingent one and the limitation period for filing his claim or reviving the action is not fixed by §10509-112 GC and §10509-134 GC, but that under §10509-216 GC he may revive the action at any time before the expiration of two months after the cause of action accrued. We cannot agree, however, with the appellant as to the nature of the claim for the reason that §10509-112 GC expressly includes claims arising out of tort, which is precisely our case. In **Pierce v. Johnston, 136 Oh St 95,** the Court held that one who has a claim for damages arising out of tort is a creditor under the statute, the first paragraph of the syllabus of which provides:

"A person having an unliquidated claim for damages arising out of tort is a creditor within the meaning of §10509-112 GC, requiring presentation of claims by creditors to the executor or administrator within a specified time."

The appellant is therefore not entitled to the benefits of §10509-216 GC.

It is our conclusion that since the appellant failed to comply with the statutory law with reference to the maintaining of actions he is now barred from reviving the action under any of the revivor statutes; that by virtue of §11412 GC the trial court properly sustained the motion to dismiss the action.

We find no error in the record and the judgment is affirmed.

HORNBECK, PJ, and WISEMAN, J, concur.